# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

No. 13-30088
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL J. RILEY,

Plaintiff - Appellant

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-187

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael J. Riley appeals: the district court's granting Janet Napolitano's motion for summary judgment and dismissing, with prejudice, Riley's claim alleging discriminatory discharge from his employment with the Federal Emergency Management Office ("FEMA"); and the court's denying Riley's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30088

motion for a new trial.  AFFIRMED.

## I.  Facts and Procedural History

Riley was hired by FEMA as an Equal Rights Officer in January 2006. On July 11, 2007, Riley sent an e-mail to then-Acting Cadre Manager Louis Cleveland, which Riley copied to Director Pauline Campbell, stating various complaints about his status in the department.  Although his e-mail contained the statement "I feel as if I am being mistreated", he did not elaborate further as to what the mistreatment was or how he was being mistreated; nor did the e-mail assert his complaint was based on a protected status such as age, gender, or race.  Shortly thereafter, James Montgomery, then-immediate supervisor to Riley, decided, with the consent of Campbell, to terminate Riley's employment as a result of unauthorized use of his Government-issued travel charge card in an amount exceeding $7,000.00.  He was terminated officially on August 1, 2007.

Upon termination, Riley filed a discrimination complaint with the FEMA Office of Equal Rights, alleging unlawful retaliatory discharge.  Riley thereafter filed the instant suit against Napolitano, on January 27, 2011.  Napolitano moved for summary judgment pursuant to Federal Rule of Civil Procedure 56; the motion was granted on November 15, 2012.  On November 21, 2012, Riley moved for a new trial; the motion was denied on December 17, 2012.  Riley's appeal challenges both decisions of the district court.

## II.  Discussion

The district court's grant of summary judgment is reviewed *de novo*.

No. 13-30088

*E.g.*, *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (internal citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a dispute of material fact exists requires our considering the evidence in the record as a whole, drawing all reasonable inferences in favor of the non-movant; in so doing, we will neither make credibility determinations nor weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the record, viewed in the light most favorable to the non-movant, "could not lead a rational trier of fact to find for [the non-movant], there is no genuine issue for trial, and summary judgment is proper." *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993).

To survive summary judgment, Riley must demonstrate that there exists a *prima facie* claim of retaliation under Title VII: "(1) [he] engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action". *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). Napolitano contends, and the district court held, Riley did not meet these requirements because he failed to demonstrate that he engaged in an activity protected by Title VII. Specifically, Riley's July 11, 2007 e-mail did not constitute protected activity within the meaning of Title VII because it did not refer to any practice made an unlawful employment practice under Title VII. Riley maintains his sending the e-mail constituted a protected activity sufficient to satisfy this element of a *prima facie* claim.

"An employee has engaged in protected activity when [he] has (1) 'opposed

3

No. 13-30088

any practice made an unlawful employment practice' by Title VII [opposition clause] or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII [participation clause]." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).  Because Riley did not file a formal complaint until after his termination, and he has not offered evidence of any other action under the participation clause, he has failed to establish that he engaged in protected activity under that clause.  Nor did the July 11, 2007 e-mail "oppose[] any practice made an unlawful employment practice by Title VII."  Riley admits his e-mail did not complain of mistreatment based on a protected status such as gender, age, or race.  As the district court noted correctly, our court has consistently held that a vague complaint, without reference to an unlawful employment practice under Title VII, does not constitute protected activity.  *See Riley v. Napolitano*, No. 11-187, 2012 WL 5818146, at *4 (E.D. La. Nov. 15, 2012); *see also Davis v. Dallas Indep. Sch. Dist*, 448 F. App'x 485, 493 (5th Cir. 2011); *Tratee v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008).  Because Riley has not engaged in protected activity, he fails to demonstrate a *prima facie* claim of retaliation sufficient to survive Napolitano's motion for summary judgment.

Riley further contends FEMA's stating his termination was based on his alleged abuse of a Government-issued credit card was pretext.  Had Riley established a *prima facie* claim, the burden would have shifted to Napolitano to articulate a "legitimate, non-discriminatory reason" for Riley's termination; if Napolitano carried that burden, only then would Riley have the opportunity to offer evidence that, *inter alia*, the reason for termination was mere pretext for discrimination.  *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

4

No. 13-30088

Because Riley has failed to establish a *prima facie* claim of retaliation, our inquiry ends there.

## III.  Conclusion

For the foregoing reasons, the judgments of the district court are AFFIRMED.